No. 80-381

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

IN RE THE MARRIAGE OF

ELIZABETH A. SUNDSTROM,

Petitioner and Respondent,

-vs-

CHARLES SUNDSTROM,

Respondent and Appellant.

---

Appeal from: District Court of the Fifth Judicial District,
In and for the County of Beaverhead,
The Honorable Frank E. Blair, Judge presiding.

Counsel of Record:

For Appellant:

Schultz, Davis & Warren, Dillon, Montana

For Respondent:

W. G. Gilbert, III, Dillon, Montana

---

Submitted on Briefs: February 25, 1981

Decided: March 12, 1981

Filed: MAR 12 1981

_Thomas J. Kearney_
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Husband appeals from a judgment entered by the District Court for the Fifth Judicial District, awarding wife maintenance.

The District Court dissolved this marriage on September 4, 1979 and reserved the issue of property division. After trial on the property issue, the court entered its findings of fact and conclusions of law on June 3, 1980, and awarded wife $35,000, payable $10,000 in cash and $25,000 in monthly installments over an eight-year period. The court awarded all of the property, totaling approximately $67,000 in equities, to the husband excepting several items of personal property retained by the wife. Husband then moved to amend the findings and conclusions and the court modified its order by decreasing the wife's award to $30,000, payable $10,000 in cash and $20,000 at 10 per cent per annum, payable in monthly installments, commencing August 15, 1980, in the amount of $305.35 and continuing until 96 payments were made. The court then found that a maintenance award in the amount of $100 per month should be made commencing August 15, 1980, and should be paid on the 15th day of each succeeding month for a period of 15 years but then provided that no maintenance payment should be made in any months in which husband made the payment of $305.35. The order is not clear whether the payment of maintenance is deferred or whether the particular maintenance payment due is forgiven by the property settlement payment. The parties, in their briefs, have treated the payment as forgiven and we will invoke the doctrine of implied findings to support that position. The result is, should husband make his regular property settlement

payments of $305.35 each month, a maintenance award will be forgiven for eight years; then maintenance will commence with the termination of 96 property settlement payments and will run for a period of seven years.

The sole issue on this appeal is whether the trial court abused its discretion in granting a maintenance award as outlined above. Appellant husband contends that respondent wife was not entitled to maintenance because she is employed. Appellant relies upon section 40-4-203(1), MCA, which provides that the recipient may be awarded maintenance if: "(a) lacks sufficient property to provide for his [or her] reasonable needs, and (b) is unable to support himself [or herself] through appropriate employment . . ."

The District Court did not make a finding respecting the reasonable needs of the wife. However, the standard of living prior to dissolution is well documented.

Throughout the marriage the husband worked full-time in the wildlife management field and the wife worked part-time as a secretary or bookkeeper. Husband and wife, just prior to divorce, lived on an income in excess of $20,000 per year. At the time of trial wife offered an exhibit showing living expenses of approximately $400 per month and a net take-home pay for the wife of $464.98 per month.

Did the district judge err in granting maintenance where wife's net take-home pay exceeded her monthly living expenses? We think not.

In Marriage of Cromwell (1979), ____Mont.____, 588 P.2d 1010, 36 St.Rep. 60, this Court set a maintenance award under facts strikingly similar to the case at bar. In Cromwell the husband, a law professor at the University of Montana Law School, had gross earnings of approximately

$25,000 per year. Wife in that case was averaging about $500 per month in net income from performing as a relief nurse. Wife was given the family residence. The District Court found the wife's reasonable monthly living expenses to be $789.50 per month and granted wife maintenance in the amount of $250 per month for the ensuing 12 months, $125 per month during the succeeding 18 months and none thereafter. The Supreme Court reversed and established maintenance of $400 per month, including $100 per month for retirement, giving wife a total of $900 per month.

In Cromwell the court noted the maintenance statute previously set forth. In making the award the court considered the standard of living achieved during the marriage and the husband's ability to provide continuing support.

In this case the monthly payment of $305.35 was ordered as a "buy-out" of the wife's interest in marital assets. If the wife is forced to invade these payments for purposes of supplementing her monthly income, then she is forced to consume property acquired during the marriage while, at the same time, the husband is making an investment of $305.35. The net effect is that wife's net worth would continually be diminished while the husband's net worth would correspondingly be increased. By suspending maintenance payments during the eight-year period of time the property settlement payments are being made, the wife may well be forced to reduce her marital holdings to meet monthly living expenses. Arguably this would not be so if the wife continued to live as frugally as she is apparently living at the present time. However, if she were to maintain any semblance of the standard of living existing during the marriage, such an invasion of her apportioned assets would be mandatory.

-4-

Assuming that the husband makes the monthly payment of $305.35 for eight years, thereby purchasing his wife's interest in marital assets, a maintenance award of $100 per month will commence in eight years. Given present inflationary trends, the maintenance award granted will be of little value.

We find nothing prejudicial to appellant husband in the court's award of maintenance. The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices